UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| MICHAEL MERKLE, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant. | Civil Action No. 07-03401 (KSH-PS) <br><br> DISCOVERY / [~~PROPOSED~~] CONFIDENTIALITY ~~AND PROTECTIVE~~ ORDER |
|---|---|

THIS CONFIDENTIALITY AND PROTECTIVE ORDER having been submitted to the Court on stipulation by McCusker, Anselmi, Rosen & Carvelli, P.C., attorneys for plaintiff Michael Merkle ("Merkle"), and Rhoads & Sinon LLP attorneys for defendant T-Mobile-Usa, Inc. ("T-Mobile"), and the Court having considered the Certification of Kelly + Decker, dated September 30, 2008 it is hereby stipulated by and among Merkle and T-Mobile (collectively, the "Parties") and for good cause shown and Ordered as follows:

1. For the purposes of this ~~Protective~~ Order, "Confidential Information" means any information which is designated as "Confidential" by the Parties, whether it be as described in the Certification of Ms Decker at ¶ 4 a document, information contained in a document, information contained in a response to an Interrogatory, information revealed during a deposition, or information otherwise disclosed during discovery. The Parties shall designate information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection. Cf. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1127 n.17 (3d Cir. 1986).

2. The Parties may also designate certain information as "Confidential --

Case 2:07-cv-03401-KSH-PS Document 22-2 Filed 09/30/2008 Page 2 of 6

Attorneys' Eyes Only" in accordance with the procedure set forth in paragraph 1, above, but may use such designation only to prohibit access to such information based upon reasonable concerns of competitive disadvantage in the marketplace in the event that such information is shared with a competing party.

3. Confidential Information shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

4. "Qualified Person" shall mean and refer to (i) the Parties to this action including employees; (ii) counsel for the parties to this action, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order. "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

5. Prior to being permitted access to Confidential Information subject to this Protective Order, a Qualified Person shall sign a Certification in the form attached hereto as Exhibit A stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by them. The original of each such Certification shall be retained by counsel of record for the party permitting the disclosure until the litigation is completed.



6. Confidential Information shall be retained by counsel and shall not be disclosed or made available to any person except a Qualified Person. Any such Confidential Information shall not be used by any Qualified Person, except solely for the

Case 2:07-cv-03401-KSH-PS  Document 22-2  Filed 09/30/2008  Page 3 of 6

purposes of litigation in this action, and shall not be used for any other purposes whatsoever. The substance or content of Confidential Information, as well as copies, summaries, notes, and memoranda relating thereto, shall not be disclosed to anyone other than a Qualified Person. If Confidential Information or summaries thereof have been entered into a computerized database, only Qualified Persons shall have access to the database.

7. Each Qualified Person agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this ~~Protective~~ Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this ~~Protective~~ Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order.

8. <u>Challenges to Designation</u> – Pursuant to <u>Cipollone v. Liggett Group</u>, 785 F.2d 1108, 1122 (3d Cir. 1986), this ~~Protective~~ Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential." Upon delivery of any document or other information so designated, another party may, within ninety days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by Bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "Confidential." The Parties shall confer in a good faith attempt to informally resolve the dispute. If such attempt is unsuccessful, the designating party shall by informal letter to the Court ~~move~~ via the joint letter protocol set forth in the Pretrial Scheduling Order for a protective order regarding any designation(s) in question (the "~~Motion~~ Joint Letter"), enclosing, where



Case 2:07-cv-03401-KSH-PS Document 22-2 Filed 09/30/2008 Page 4 of 6

appropriate, the documents challenged for *in camera* review. The opposing party may trigger a time period in which a ~~Motion~~ Letter must be sent by sending a letter to the designating party stating that, in the opposing party's opinion, an impasse regarding designations has been reached (an "Impasse Letter"). Within ten days after receipt by the designating party of an Impasse Letter, the designating party must transmit the Joint ~~Motion~~ Letter to the Court. The documents challenged hereunder retain their status as Confidential Information hereunder unless and until the Court orders that they be released from such status. It is the burden of the designating party to demonstrate that the document(s) challenged are entitled to confidential protection pursuant to this Protective Order.



9. If, at the time of trial, counsel for any of the Parties attempts to introduce into evidence or use in cross-examination any Confidential Information, whether as part of a document or deposition testimony or otherwise, counsel for any other party may request the Court to preserve the confidentiality of the Confidential Information to the extent and by means the Court deems necessary and appropriate, and any party may oppose such a request.

10. Upon the final conclusion (including any appeals) of this action, all Parties and Qualified Persons and their counsel shall, within thirty (30) days of the conclusion of this action either: (i) return all Confidential Information (and all copies thereof) to the producing party (shipping costs to be borne by the producing party), or (ii) provide a certification that all Confidential Information (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction.

11. A copy of this Protective Order shall be served on all counsel of record

within 7 days of its entry.

SO ORDERED on this 30th day of September, 2008.

_____
Hon. Patty Shwartz, U.S.M.J.

SUBMITTED BY CONSENT OF COUNSEL:

MCCUSKER, ANSELMI,
ROSEN, CARVELLI, P.C.
210 Park Avenue
Florham Park, NJ 07932
Attorneys for Plaintiff
Michael Merkle

By: _____
Paul F. Carvelli

RHOADS & SINON LLP
One South Market Square, 12th Floor
Harrisburg, Pennsylvania 17101
Attorneys for Defendant
T-Mobile-USA, Inc.

By: _____
Kelly H. Decker

5

## EXHIBIT A

## CERTIFICATION

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are CONFIDENTIAL and to be used by me solely to assist in the matter of _____, Civil Action No. _____, pending in the United States District Court for the District of New Jersey. I further understand that a Discovery Confidentiality ~~Protective~~ Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of its enforcement and the enforcement of my obligations under this Certification.

Name: _____
Title: _____

Dated:

6